UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X :
JOHN BALINSKY, :
: SG 3836
Plaintiff :
: Docket No.:  13 Civ. _____
vs. :
: **ORIGINAL COMPLAINT**
ALLSTATE INSURANCE COMPANY, :
:
Defendant. : Jury Trial:  No
----------------------------------------------------------X :

Plaintiff, by his attorneys, Gauthier, Houghtaling and Williams, for his Complaint against the Defendant, Allstate Insurance Company, alleges the following upon information and belief:

**PARTIES**

1. The Plaintiff listed in the table below is an individual who resides and is domiciled in this judicial district.  His property, located at the addresses shown below, was insured against flood damages by the Defendant.

| Name | Property Street | City | State | Zip | Insurance Policy Number |
|---|---|---|---|---|---|
| John Balinsky | 167 Waterford Road | Island Park | NY | 11558 | 0264268764 |

2. Allstate Insurance Company ("Defendant"), was and is a private insurance company incorporated under the laws of the State of Illinois with its principal place of business located at 2775 Sanders Road, Northbrook, IL  60062-6127.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq.  Defendant issued Standard Flood Insurance Policies (the "Policies") in

its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policies.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policies that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policies covered losses to Plaintiff's property, which is located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured properties are located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff's property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiff purchased a Standard Flood Insurance Policy (the "Policy") from Defendant to insure his property and contents located at the addresses shown above against physical damage by or from flood.

10. Plaintiff paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiff's insured property.

12. As a result of the Storm, Plaintiff suffered losses by and from flood to his insured property and to personal property and contents located therein. Plaintiff has incurred and/or will incur significant expenses to repair and replace their flood-damaged property.

13. Plaintiff reported the damage and properly submitted his claims to Defendant. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

14. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the claims of Plaintiff.

15. Plaintiff retained independent experts to evaluate the damages to their insured properties caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property. These damages were thoroughly documented and reports were submitted to Defendant for review. Defendant has unfairly and improperly persisted in denying the claims.

## FIRST CLAIM FOR RELIEF

### *Breach of Contract*

16. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

17. Plaintiff and Defendant entered into a contract when Plaintiff purchased and Defendant issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to his property and contents located at the address shown above.

19. Plaintiff fully performed under the contract by paying all premiums when due and cooperating with Defendant regarding his claims. Plaintiff complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent.

20. Defendant failed to perform and materially breached the insurance contracts when it wrongly failed to pay and refused to reimburse Plaintiff what he was owed for damages the Storm caused to properties covered by the Policy. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

21. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for his or his covered losses, Defendant is liable to and owes Plaintiff for the actual damages he sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered properties, together with interest and all other damages Plaintiff may prove as allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff named herein respectfully requests that the Court enter judgment in their favor for such amounts as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

**Gauthier Houghtaling and Williams**

By: _____
Sean Greenwood
SG 3836
Attorneys for Plaintiffs
52 Duane Street – FL 7
New York, NY   10007
Telephone:  (646) 461-9197
Facsimile:  (212) 732-6323